The issue in this case is whether Mr. Medina-Campo's prior conviction under the Oregon Drug Delivery Statute is a drug trafficking offense under Sentencing Guidelines Section 2L1.2. Now, Your Honor, the Oregon Delivery Statute is divided into two statutory phrases. Number one, the transfer of drugs, which has elements constituting drug trafficking. And number two, the attempted transfer of drugs, which does not. Your Honor, Oregon attempted transfer requires that a defendant do no more than solicit, i.e., request that another person provide the defendant drugs for distribution to a third party. Because Oregon attempt doesn't require more than solicitation, then it does not constitute and is not sufficiently similar to the model penal code inquiry defenses of attempt conspiracy and aiding and bedding as required under 2L1.2. Now, Your Honor. Why do we rely on the model penal code? The Supreme Court's never said we had to do that. We've never said we had to do that. Well, Your Honor, in United States v. Peterson, actually the court said that the model penal code is the best tool for determining what the generic federal offense means. And in fact, in Taylor, the Supreme Court said that when determining what generic burglary was, the court relied on the model penal code. I know courts have done that. They've counted up states to see who had the most of a particular definition, and they've used other methods. But my point is there's never been a decision that says, as I'm aware of, that says as a matter of law, you must use the model penal code definition for determining a generic offense for the purposes of a categorical classification. Well, Your Honor, in United States v. Peterson and in Taylor, the reason the court said the model penal code definition is the best tool for determining that is because there has to be some uniform definition. The problem that you have here that distinguishes this case from those cases is this include language, which particularly tells us that the things that are set forth are not all there is. There are other crimes like them. And that's, it seems to me, where your model penal code definition falls apart. I mean, it doesn't go anywhere with me because of the include language. Well, Your Honor, I think the include language doesn't mean everything under the sun. It means something pretty close to aiding and abetting conspiracy and attempt. Yes, Your Honor. I think that principle, when there is a list of offenses, a list of offenses, there's a statutory principle, which is eucidem generis, which says that basically it implies that other offenses are included. That might be true, but we are told in the United States sentencing guidelines that this include language that does away with that rule of statutory construction. Well, we don't just exclude things that are not mentioned because the guidelines tell us that it includes these things. And therefore, they're not the definitive list. We don't exclude everything else. Yes, Your Honor. But still, even with that said, the courts have said that the prior offenses must be sufficiently similar to those model penal code. And Your Honor, they are not sufficiently similar. Solicitation, as encompassed under the Oregon attempted transfer part of the statute, is significantly different. It's significantly different because as the model penal code points out, there's a crucial distinction in that a solicitation, there has to be an intermediary who may refuse to accept to even jumpstart the crime. They are different. They're not the same crime. But as the Fifth Circuit explained, all of these things require intent to commit the underlying crime. So they're all alike in that. And secondly, they all require some act toward the commission of the crime. So they're all alike. This crime is like the ones that are specifically named in those two pretty significant respects. And Your Honor, that's where I would disagree. Because even though the mens rea may be the same, the actus reus is actually very different. Because in an attempt, unlike a solicitation, the defendant is in the driver's seat. There's not a significant barrier that there's this independent agent who may not even agree to commit the crime. Plus, Your Honor, there must be a substantial step toward the commission. Correct me if I'm wrong. I thought if you were convicted of solicitation, you had to try to solicit. No? Yes. It seems to me there does have to be an act toward committing the underlying sin. Right, right. But Your Honor, it's much more of a... There wasn't an act. There doesn't have to be a substantial step as defined under the model penal code in a solicitation. There just has to be a request. Let's leave the model penal code and get to your... If we conclude that the model penal code is not governing our interpretation here, do you lose... I mean, do you have to have... No. No, Your Honor. Maybe go to that argument. But the argument is that we're still looking at is it sufficiently similar to what the model penal code defines as a conspiracy. They both require an intent to commit the underlying crime, and they both require some act toward that commission. But in the solicitation, Your Honor, there's a significant barrier because you have the resisting will of another person who may not bite, who may not agree to participate in the crime, whereas in an attempt... Is that solicitation and conspiracy that you're on now? Pardon me? Is that solicitation versus conspiracy? Solicitation versus attempt. It is also different from conspiracy because in a conspiracy, there's two people that have already agreed to commit the crime. Plus, there must be an overt act that shows that the conspiracy is at work. So I think it's different from both. In an attempt, you don't need another person. In an attempt... In an attempt, all by yourself. Right, but Your Honor, in an attempt... You're not depending upon this intermediary who may say no. See, in this case, if the intermediary says no, I'm not going to give you drugs, then the defendant can't distribute the drugs. So in an attempt, Your Honor, it's more likely to be completed. And I think that's where the real difference is, that an attempt and a conspiracy are more likely to be completed if not stopped, where solicitation is in a very preliminary phases. And so that, to me, is a significant difference, Your Honor. And as far as aiding and abetting goes, that, the crime is completely already, it's already completed. And so that's far different from this very... See, solicitation, the way I look at it is that it's a crime in the making at its earliest phases. And so that's why the harm to society is worse, Your Honor. I'm not saying that the culpability is different. Culpability is the same under solicitation because you have the intent to commit the crime. That's the same as in the other offenses. But the significant difference in the Sixth Circuit in U.S. v. Dolt points these out. Now, the Sixth Circuit has been... Pardon me? Yes, Your Honor, it is a loan, but I'm asking this. The reasoning, I believe, is... Pardon me?  It's your only case. It's my only case, but, Your Honor, the reasoning is the best under the Sixth Circuit case. And you have other circuits going the other way. Yes, we do, Your Honor. But those circuits, let me tell you why... One of them is the Ninth Circuit. Yes. Did it actually consider the Oregon statute? Yes, it did, Your Honor. And it went against you. Yes, and, Your Honor, you know, I had a case recently which I argued U.S. v. Bonilla where there was the Fifth Circuit which held that a Texas statute wasn't a burglary, but this court went against the Fifth Circuit and found that it was a generic burglary. So that shouldn't stop this court because the Ninth Circuit's reasoning... It's not necessarily bound. That should be your point. Right, right. By the circuit where the state happens to be situated. And, Your Honor, the Ninth Circuit's reasoning... In fact, it was the Ninth Circuit and Oregon's part of the Ninth Circuit. Right. Doesn't necessarily mean that the Ninth Circuit is correct. Exactly, and let me tell you why... But it might mean that the Ninth Circuit should be given some consideration. Not in this case. Since they're there. If the reason... They got judges from there and all that kind of thing. If the reasoning, Your Honor, was not solid, then I don't believe it should be given deference. The Ninth Circuit, there's two reasons why I think that case was wrong. First of all, the Ninth Circuit really did no analysis comparing... Is that the one that's called Shumate? Shumante, yeah. Shumante. Yeah, in that case... Shumante. In West Virginia, it's Shumate probably. Oh, is it? Okay, I wouldn't know, Your Honor. But in that case, Your Honor, it was flawed because the Ninth Circuit didn't go through the comprehensive analysis that the Sixth Circuit did comparing solicitation to attempt, conspiracy and aiding. It just said, look, there's a non-exhaustive list and therefore we're going to say solicitation comes in. And the other thing the Ninth Circuit did was it relied on a previous decision, U.S. v. Cox, which was not valid at all because in that case, the issue was whether a prior solicitation to commit murder was an offense. But in that case, there was a residual clause that was at issue, which says if an offense presents a serious risk of injury, then it qualifies as a crime of violence. We don't have that clause in 2L1.2. That's much broader language, and it's different language. So, Your Honor, for all these reasons that I've stated, there is a significant difference, and so it's not only that it doesn't match the model penal code elements, but it's also not sufficiently similar to the model penal code elements. And, Your Honor, if I may return to the modified categorical approach, under Gomez, because – Let me ask you this. Where the list of offenses are included, aiding and abetting, conspiring and attempt, and the application note, do you say that those are sufficiently similar each to the other? That those are – Correct. Well, Your Honor, I think that – They obviously all have different elements. Sure, sure, they all have different elements, but I think they are sufficiently similar in that they're more likely to be completed. They're more advanced. You know, if they're not stopped, it's more likely that they're going to result in the crime than the solicitation. Can I ask a variation on that question? Yes. Do you think that they are more similar to – each one of them is more similar to each other than the offense here is similar to them as a body? Yes, yes, Your Honor. And if we should conclude that's not the case, you would lose? That if they're not – if it is sufficiently similar. No. Okay, if you could repeat the question, Your Honor. I asked you if you thought that they were more similar to each other than the offense here is similar to them. Yeah, I think – And if we should conclude that's not true, because the three are quite different. Right, right. They have different elements. Yeah, yes, Your Honor. And you would lose, right? Yes, Your Honor, under that scenario we would. Your Honor, I also wanted to give you an example of an offense that I believe would be sufficiently similar to these offenses. For example, Your Honor, I was thinking about this possession of a weapon with intent to kill. Now, that's not a traditional inchoate offense, but it has an inchoate aspect to it, right, because it has a targeted murder which has not yet happened. Well, sure, those elements are not the same as a model penal code attempt, because it's not framed in the same way. It doesn't say there has to be a substantial step. But when you go to the examples of what a substantial step is under an attempt, What is your hypothetical? It would be a possession of a weapon with intent to kill. Oh, is that a drug trafficking offense? But, Your Honor, not a drug trafficking offense, but those aiding, abetting, conspiracy, and attempt, they also go to crime of violence. So I'm just giving you an example of why that would be. So there are other offenses. One with drugs that isn't aiding and abetting. Give us another one that you think is similar to them. But this one is, I tried to find one, and I couldn't. That's why I was very interested in your hypothetical. Your Honor, one of the ones that I found is maybe a possession with intent to distribute drugs. Some courts, even Oregon, considers that an attempt at delivery. Well, traditionally it doesn't look like an in Kuwait offense, but some courts characterize that as an attempt. So I think that's an example of something which may not exactly have the elements as described under auto penal code. And would you see that next May when you come up here, you're going to have that client? I don't know, Your Honor. So, Your Honor, if the court doesn't have any other questions, then I'll rest until rebuttal. Thank you very much. Okay, thank you. May it please the court, I'm Roger Picker, Special Assistant United States Attorney in the District of Maryland. And in this case, as you heard, we've been debating back and forth about the model penal code and about different definitions that were set forth under the penal code and how that would apply. In this case, though, I would ask the court to take one step back because I don't think, based on the definitions, the elements under state law of what this particular individual was convicted of, that we need to even go to that next step of trying to include solicitation within that list of aiding and abetting attempt and conspiracies. And the government would say that based on this instance because of the specific definitions and the way that Oregon defines this statute that this individual was convicted of. The statute that he was convicted of violating can only be accomplished by way of a transfer, whether it's actual constructive or an attempt to transfer. How Oregon has taken its approach to that transfer, what they define as an attempt to transfer under this instance, is what I think moves us beyond the realm of even being able to say that he was convicted of a solicitation-type offense. What he was convicted of was delivery of a controlled substance under the statute. Under that statute... Under that statute, if the defendant asks Joe Dukes to deliver his heroin for him, regardless of the response made by Joe Dukes, isn't the defendant under the Oregon statute guilty of violating that statute? Based on the way Oregon defines it, I don't believe he would be, unless he had an intent to deliver that substance and further transfer it. Because as Oregon defines it... If he had an intent to deliver it, he just asked somebody else to do it for him. Isn't that solicitation to deliver the drugs, isn't that sufficient under the Oregon statute for a conviction? If it's that act of making the contact coupled with the intent to further distribute or deliver, as they define it, deliver the drug, that makes it a substantial step toward taking that delivery. He would not be convicted of what is a mere solicitation, as there was some indication of the Monopoly Penal Code, how it defines as enticing and encouraging. In this instance, he would have to have more of a solicitation to do an act plus an intent to further deliver it to a third party, which I believe, when you take that substantial step language, makes it comply more with the definitions that are already within the guidelines as far as an attempt, but also to take it to... It would also include... You wouldn't need to go to the analysis of the solicitation side of that statute. Because when we look at what we know he was convicted of, he was convicted directly of delivery of controlled substance, as opposed to he wasn't convicted under the state solicitation law itself, which may have led to a different result, or may have had lesser elements, which is what was the concern the defense raised in this case. He was convicted strictly of the higher level offensive delivery of CDS, which they define as an attempt. And when we take Shepard and Taylor and use the state elements of the law that's defined by the state, and we take that and apply it, it leads to a situation where we have drug trafficking. More like how Oregon defines it in this instance, it is almost like, or more in tune with, the definition for possession with intent to distribute, which is an enumerated offense in the guidelines. So what approach are you sponsoring here? The categorical approach or the modified categorical approach? Categorical, Your Honor. Pardon? The categorical. Categorical approach. You're saying that takes care of it, and no need to go to the modified categorical approach. That's correct. But the district judge went on to the categorical approach. Do you think that was unnecessary surplusage in this record? I believe Judge Highlander, when she did do the categorical approach, I believe she found that the only way this offense could be conducted would be in the nature of a drug trafficking offense. I think she did an alternative holding and looked at the modified categorical approach and then looked at the petition to enter plea that was produced in this case and used those facts to look at the, pick a particular element and say, oh, this was more than just a solicitation offense. But the government doesn't pursue the modified categorical approach as a basis for upholding this sentence, does it? No, Your Honor. We rely on the categorical approach strictly. So the answer to my question, it was unnecessary for Judge Highlander to get involved in the modified categorical approach? That's correct. In the government's view? That's correct. Because I think the state law is pretty clear and the elements are, the way that statute can be, you can be convicted of violation. What's the best case from these other circuits? I believe... He says the Dope case is his only one. What's your best one from the other circuits? I think the best one I have is it's either Schumate or Schumat, Schumat, the Schumat case. The Ninth Circuit case? I believe that Ninth Circuit case. Though I think they kind of, they went forward and looked at it as a solicitation and then used that includes language to encompass solicitation, attempt, dating, and abetting, and conspiracy. I don't, based on the record and what the elements of the state law offense are, I don't believe that the court needs to go that far. I believe that the way, if you take a categorical approach to the statute and look at the state law elements as defined under state law, it meets the definitions without going that step further and getting into a further analysis. Does this include language? Has it always been in the sentencing guidelines? The directive that... Your Honor, I honestly am not aware of how long... I just wonder if it existed when the Sixth Circuit issued its case, its opinion, because it's pretty early and it doesn't talk, I don't think, about the include language. Is that the Dope case? Yeah. I think the Dope case just, I don't have a direct answer to your question, but just as an aside, I think the Dope case focused more on a state-specific solicitation law that was just encouraging, enticing. I mean, it looked at elements of encouraging, enticing and also indicated it had some concerns because under that Florida situation or scenario, one could be convicted of getting, soliciting for delivery of, or trafficking in a substance for personal use, and that would be well outside the guidelines of a drug trafficking crime, as it's further enumerated in the guidelines section. So I think there's that concern as well, which I think, under which the Oregon law, as it's spelled out in our brief and through the various cases we cited, precludes a conviction for personal use, which certainly makes it rise to the level of a drug trafficking offense categorically. So that's where we would rely on, and I apologize, Your Honor, that I don't have a better answer to that specific question. But if the court doesn't have any other, we'll rest at this time. Thank you. Thank you, Your Honor. I think we're fine. Thank you very much. Your Honor, Judge Motz, I just wanted to respond to your question about... I think there it is. I'm seeing it in... Yeah. In DOLT. They do cite it. Yeah, and... They don't make anything of it, but they do cite it. And they do, actually, they go through, and even though they don't explicitly refer to it and talk about it, in their analysis, they ultimately conclude that the prior offense solicitation wasn't sufficiently similar to the offense. So it wasn't saying that there had to be an exact match. Yeah. I mean, we haven't seen the brief, so we don't know if parties argued it, but there's no explicit discussion... Right, right. ...of what... Right, but it appears that they did, you know, look at and didn't believe there had to be an exact match to these offenses, because they used a sufficiently similar language that the 10th Circuit uses and that the 11th Circuit uses. Also, Your Honor, I just wanted to respond to one final point. Counsel says that the Florida statute was different under DOLT, because that was solicitation of drugs for personal use, where we're talking about solicitation for distribution. But that doesn't bring solicitation any closer to a 10th. We're still in the same place. If the defendant doesn't provide the drugs, then the crime can't be completed. So, Your Honor, I don't think that's a distinction that makes a difference here. So with that said, Your Honor, if you do not have any other questions, then I urge the court to find that Mr. Medino Campos' prior conviction was not a drug trafficking offense. Thank you very much. Thank you.
judges: Diana Gribbon Motz, Robert B. King, G. Steven Agee